IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMMIE LEE PRESCOTT,<br>Petitioner,<br><br>v.<br><br>MICHAEL W. HARLOW, et al.,<br>Respondents. | Civil Action No. 13-98 Erie<br><br>Magistrate Judge Susan Paradise Baxter |

## OPINION AND ORDER[1]

Presently before the Court is a petition for a writ of habeas corpus filed by state prisoner Jammie Lee Prescott ("Petitioner"). For the reasons set forth below, the petition is denied and a certificate of appealability is denied.

### I.

**A.    Background**[2]

The following is a recitation of only those facts that are relevant to provide the necessary background for the resolution Petitioner's application for habeas relief. On November 7, 2003, Petitioner appeared before the Court of Common Pleas of Erie County and pleaded guilty to rape, involuntary deviate sexual intercourse, aggravated indecent assault, four counts of indecent assault, and endangering the welfare of a child. Keith Clelland, Esq., represented Petitioner. On January 8, 2008, the Superior Court of Pennsylvania affirmed Petitioner's judgment of sentence. (CP Dkt. No. 52, Commonwealth v. Prescott, No. 548 WDA 2007, slip op. (Pa.Super. Jan. 8, 2008)).

---

[1]    In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2]    Respondents have submitted the Common Pleas Court's file, relevant transcripts, and appeal briefs. The documents in the Common Pleas Court's file are indexed and numbered 1 through 93. They shall be cited to as "CP Dkt. No. ___ ."

1

On or around January 1, 2009, Petitioner filed a *pro se* motion for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. (CP Dkt. No. 53). The court appointed William J. Hathaway, Esquire, to represent him and counsel filed a supplement to the PCRA motion. (CP Dkt. No. 55).

The U.S. Supreme Court has strictly limited the circumstances under which a guilty plea may be attacked on collateral review, noting: "It is well settled that a voluntary and intelligent plea of guilt made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Bousley v. United States, 523 U.S. 614, 621 (1998) (quoting Mabry v. Johnson, 467 U.S. 504, 508 (1984)). In an attempt to get around the limitation his guilty plea has on his availability to receive relief on collateral review, Petitioner contended in the PCRA proceeding that his plea was not knowingly and intelligently entered because his trial counsel, Clelland, was ineffective in violation of his Sixth Amendment rights. He contended that counsel: (1) threatened him to enter the plea by telling him that if he did not do so he would get an 80-year prison sentence; and (2) failed to challenge the admissibility of the videotaped statements he made to the police on the grounds that "his statements were the product of his mental and emotional condition then existing and that he possessed certain medical impairments and mental illness, which impacted on the ability to accept the statement as voluntary and intelligent[.]" Petitioner also claimed that his trial counsel was ineffective for failing to "pull said plea agreement [when] the Petitioner stat[ed] to counsel that he wanted to proceed to trial." (SCR No. 55).

Ineffective assistance claims are governed by the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984).[3] Under Strickland, a petitioner must show that his counsel's representation fell

---

[3] Pennsylvania law for judging ineffectiveness corresponds with the Strickland standard. Commonwealth v. Pierce, 527 A.2d 973, 976-77 (Pa. 1987); Commonwealth v. Kimball, 724 A.2d 326 (Pa. 1999). Although Pennsylvania courts typically articulate a three-prong test for gauging ineffective assistance claims and Strickland sets forth its test in two prongs, the legal evaluation is the same, and the differences merely reflect a stylistic choice on the part of state courts.

2

below an objective standard of reasonableness. 466 U.S. at 688. The law presumes that counsel was effective. Id. at 689. Strickland also requires that a petitioner demonstrate that he was prejudiced by his counsel's alleged deficient performance. This requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of [his trial] proceeding would have been different." Id. at 694. See also Brown v. Wenerowicz, 663 F.3d 619, 630 (3d Cir. 2011).

On April 7, 2009, the PCRA court entered an order which denied Petitioner's claims. It held:

> [T]he Defendant's plea was voluntarily entered (*see* Plea Colloquy, Commonwealth v. Pollard, 832 A.2d 517 (Pa.Super. 2003)); the Commonwealth would be prejudiced if the Defendant would be allowed to withdraw the plea (Commonwealth ready for scheduled trial with expert witnesses, 12 year old victim); the Defendant's claim of ineffective assistance is contradicted by the record, and there is no evidence the Defendant's mental and emotional condition would have impacted the Defendant's ability to enter a plea or affect any pre-trial proceedings, nor that counsel was aware of such. (*See* Defendant's confession, DNA evidence).

(CP Dkt. No. 58).[4]

Petitioner, through Hathaway, filed an appeal with the Superior Court. On August 4, 2010, the Superior Court issued a Memorandum affirming the PCRA court's decision. (CP Dkt. No. 65, Commonwealth v. Prescott, No. 774 WDA 2009, slip op. (Pa.Super. Aug. 4 2010)). It agreed with the PCRA court that Petitioner's claims of ineffective assistance was contradicted by the record and that there was no evidence that he had any mental or emotional condition that interfered with his ability to enter a plea that was knowing, voluntarily, and intelligent. (CP Dkt. No. 65, Commonwealth v. Prescott, No. 774 WDA 2009, slip op. at 3-4 (Pa.Super.Ct. Aug. 4 2010)). The Superior Court also added:

> Appellant contends that counsel, motivated by Appellant's videotape[d] inculpatory statements to police, threatened that he would receive an eighty year sentence if he did not enter the plea, and yet failed to investigate whether these statements were the

---

[4] The District Attorney's Office pointed out during the PCRA proceeding that Petitioner's DNA was found to match the DNA profile taken from sperm and non-sperm fractions that was swabbed from the victim's left foot. A report in the record indicates that the probability of randomly selecting an unrelated individual exhibiting this combination of DNA types is approximately 1 in 540 quadrillion form the African American population. (CP Dkt. No. 57, Exs. A & B).

3

> result of 'medical impairments and mental illness," which adversely affected his ability to enter a voluntary plea. (Appellant's Brief at 8).
>
> We first note that at his plea hearing Appellant was apprised by the court that "if the judge were to make all of the sentences consecutive, which he is allowed to do, that you would face up to $135,000 in fines, and 80 years [of] incarceration," 12 ½ years of which would be mandatory minimums. (N.T. Plea, 11/1/03, 8). Thus counsel's "threats" were merely an attempt to make Appellant aware of the possibilities should he decide not to plead guilty.
>
> Moreover, during the plea Appellant was asked: "Are you guilty of these offenses?" and "Are you entering a plea because in fact you are guilty?" (Id. at 16). In each instance, Appellant replied "Yes" or "Yes, sir." (Id.). Appellant was then asked "Do you feel like anyone is pressuring you or forcing you in any way to enter a plea?" to which he replied, "No, sir." (Id.). A person who elects to plead guilty "is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." Commonwealth v. Turetsky, 925 A.2d 876, 881 (Pa. Super. 2007), *appeal denied*, 940 A.2d 365 (Pa. 2007). Appellant may not now, for whatever reason, disavow the truthfulness of his answers to questions posed to him by the court.

(CP Dkt. No. 65, Prescott, No. 774 WDA 2009, slip op. at 4-5).

Next, Petitioner filed a petition for a writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). He raises the same claim of ineffective assistance that he raised in the PCRA proceeding described above.

Respondents have filed their Answer [ECF No. 14] and the relevant state court records.

**B.** **Discussion**

Because the state court adjudicated Petitioner's claim on the merits, this Court's analysis of it is governed by AEDPA's standard of review, which is codified at § 2254(d). Under this standard of review, this Court does **not** review Petitioner's claim *de novo*, and it is **not** for this Court to decide whether the state court's decision was right or wrong. Rather, this Court has the authority to issue the writ of habeas corpus only if the state court's adjudication "resulted in a decision that was contrary to,[5] or involved an

---

[5] In Rountree v. Balicki, 640 F.3d 530 (3d Cir. 2011), the U.S. Court of Appeals for the Third Circuit explained:

unreasonable application of,[6] clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[7] 28 U.S.C. § 2254(d).

---

> The test for § 2254(d)(1)'s "contrary to" clause is whether the state court decision "applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme] Court but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005) (citing Williams v. Taylor, 529 U.S. 362, 405 (2000), and Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)). Of course, a state court's resolution of a question that the Supreme Court has not resolved can be neither contrary to, nor an unreasonable application of, the Court's precedent. See Kane v. Garcia Espitia, 546 U.S. 9 (2005).

640 F.3d at 537 (bracketed text in original) (parallel citations omitted).

[6] The Court of Appeals for the Third Circuit described the test for § 2254(d)(1)'s unreasonable application clause as follows:

> "[a]n 'unreasonable application' occurs when a state court 'identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." Rompilla v. Beard, 545 U.S. 374, 380 (2005) (quoting Wiggins v. Smith, 539 U.S. 510, 519, 520 (2003)). For purposes of § 2254(d)(1), "[i]t is not enough that a federal habeas court, in its independent review of the legal question, is left with a firm conviction that the state court was erroneous." Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (internal quotations omitted). "Under § 2254(d)(1)'s 'unreasonable application' clause ... a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 75-76, 123 S.Ct. 1166 (quoting Williams v. Taylor, 529 U.S. 362, 411 (2000)). Rather, "[t]he state court's application of clearly established law must be objectively unreasonable" before a federal court may grant the writ. Andrade, 538 U.S. at 75.

Rountree, 640 F.3d at 537 (parallel citations omitted).

[7] The Court of Appeals for the Third Circuit set forth the test for § 2254(d)(2)'s "unreasonable determination of facts" clause this way:

> The test for § 2254(d)(2)'s "unreasonable determination of facts" clause is whether the petitioner has demonstrated by "clear and convincing evidence," § 2254(e)(1), that the state court's determination of the facts was unreasonable in light of the record. See Rice v. Collins, 546 U.S. 333, 338-339 (2006) ("State-court factual findings, moreover, are presumed correct; the petitioner has the burden of rebutting the presumption by 'clear and convincing evidence.'") (quoting § 2254(e)(1)) (citing Miller-El v. Dretke, 545 U.S. 231, 240 (2005)); see also Simmons v. Beard, 590 F.3d 223, 231 (3d Cir. 2009) ("Under the § 2254 standard, a district court is bound to presume that the state court's factual findings are correct, with the burden on the petitioner to rebut those findings by clear and convincing evidence."). Importantly, the evidence against which a federal court measures the reasonableness of the state court's factual findings is the record evidence at the time of the state court's adjudication. Cullen v. Pinholster, — U.S. — [ ], 131 S.Ct. 1388, 1401-03 (2011).

Rountree, 640 F.3d at 537-38 (parallel citations omitted).

5

The "clearly established Federal law," 28 U.S.C. § 2254(d)(1), in which to analyze Petitioner's ineffective assistance claim is governed by Strickland. Since the state court applied the Strickland analysis when it evaluated Petitioner's claim, there can be no question that its adjudication withstands review under the "contrary to" clause of § 2254(d)(1). Williams, 529 U.S. at 406 ("a run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause."). Thus, the only question for this Court is whether the state court's adjudication of Petitioner's claim was an "unreasonable application of" Strickland or an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The Supreme Court has stressed the "highly deferential" review that this Court must accord the state court's adjudication in conducting this analysis:

> We have explained that "an unreasonable application of federal law is different from an incorrect application of federal law." Williams v. Taylor, 529 U.S. 362, 410, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Indeed, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id., at 411, 120 S.Ct. 1495. Rather, that application must be "objectively unreasonable." Id., at 409, 120 S.Ct. 1495. This distinction creates "a substantially higher threshold" for obtaining relief than *de novo* review. Schriro v. Landrigan, 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). AEDPA thus imposes a "highly deferential standard for evaluating state-court rulings," Lindh v. Murphy, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and "demands that state-court decisions be given the benefit of the doubt," Woodford v. Visciotti, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (per curiam).

Renico v. Lett, 559 U.S. 766, 773 (2010). See also Harrington v. Richter, 562 U.S. 86, 131 S.Ct. 770, 786 (2011) ("If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings.... It preserves authority to issue the writ in cases where there is no

6

possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther."). This Court also is mindful that:

> Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both "highly deferential," [Strickland, 466 U.S.] at 689, 104 S.Ct. 2052; Lindh v. Murphy, 521 U.S. 320, 333, n.7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, [Knowles v. Mirzayance, 556 U.S. at —, 129 S.Ct. 1411, 1420 (2009)]. The Strickland standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at —, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). *When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard*.

Harrington, 131 S.Ct. at 788 (emphasis added).

There is no basis for this Court to conclude that the state court's adjudication was either an "unreasonable application of" Strickland or an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Petitioner has not demonstrated that his counsel misadvised him about the law, the effect his inculpatory statements had on his case, or the sentence that he could receive. He has not established that he had any mental or emotional impairment that affected his ability to enter a knowing, intelligent, and voluntary plea. Nor is there anything in the record to support Petitioner's allegation that he asked Clelland to withdraw his guilty plea. Petitioner had a hearing on one of his PCRA motions at which he and Clelland testified. Petitioner has not directed this Court to anything contained in the testimony given at the hearing that would support his contention that he requested that Clelland withdraw his plea either before or after his sentencing.[8]

It is Petitioner's burden to show that he is entitled to relief under the deferential standard of review at 28 U.S.C. § 2254(d) that this Court must apply, and he has not met that burden. Because the

---

[8] The PCRA court concluded after that hearing that Petitioner had directed Clelland to file *a motion to reconsider his sentence*, and Petitioner's right to do so was reinstated following that PCRA hearing. (See CP Dkt. No. 52).

7

Court cannot conclude that no fairminded jurists could agree with the state court's evaluation of his claim, his habeas application for habeas relief must be denied. Harrington, 131 S.Ct. at 786 (§ 2254(d) ... preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents).

**C.**     **Certificate of Appealability**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Applying that standard here, jurists of reason would not find it debatable whether Petitioner's claim should be denied. Accordingly, a certificate of appealability is denied.

**II.**

For the reasons set forth above, Petitioner's claim is denied and a certificate of appealability is denied.

An appropriate Order follows.

Dated: October 22, 2014

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMMIE LEE PRESCOTT, )
      Petitioner, )    Civil Action No. 13-98 Erie
)
v. )
)    Magistrate Judge Susan Paradise Baxter
MICHAEL W. HARLOW, et al., )
      Respondents. )

## **ORDER**

AND NOW, this 22nd day of October, 2014, for the reasons set forth in the memorandum opinion filed contemporaneously herewith, IT IS HEREBY ORDERED the petition for a writ of habeas corpus is DENIED and a certificate of appealability is DENIED.

The Clerk of Court is directed to close this case.

                                        /s/ Susan Paradise Baxter
                                        SUSAN PARADISE BAXTER
                                        United States Magistrate Judge